IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN MCCABE STUDIO, LLC and IAN MCCABE STUDIO AT UNION MARKET, LLC<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>ERIE INSURANCE EXCHANGE,<br>　　　　Defendant. | CASE NO.: 2:20-cv-01973-TJS |

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant, Erie Insurance Exchange ("Erie"), by and through its undersigned counsel, Timoney Knox, LLP, files this Brief in Support of Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

This action relates to two (2) property insurance claims presented by Plaintiffs, Ian McCabe Studio, LLC and Ian McCabe Studio at Union Market, LLC, under two (2) separate insurance policies issued by Erie (the "Policies"). Both claims stem from alleged losses of income as a result of the March 16, 2020 Order of Washington, D.C. Mayor Muriel Bowser, which closed certain non-essential businesses in Washington, D.C.

Plaintiffs commenced this litigation in the U.S. District Court for the Eastern District of Pennsylvania, alleging that complete diversity of citizenship exists among the parties. *See* Complaint [ECF No. 1], ¶ 5. However, beyond this bald assertion, the Complaint is devoid of any allegations actually addressing the citizenship of the Parties.

As set forth below, for purposes of diversity jurisdiction, Erie is a citizen of every state in which its policyholders are citizens. Erie has policyholders in Washington, D.C. and Virginia, where public records indicate that Plaintiffs' members also reside. Erie and Plaintiffs are,

1481166-1

therefore, not diverse parties, and this Court lacks subject matter jurisdiction over this matter. Accordingly, this Court must grant the instant Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Ian McCabe Studio, LLC is a limited liability company, which owns, operates, manages and controls a salon located at 1101 23rd Street N.W., Washington, D.C. 20037. *See* Complaint [ECF No. 1], ¶ 8. Plaintiff Ian McCabe Studio at Union Market, LLC is a limited liability company, which owns, operates, manages and controls a salon located at 1268 5th Street N.E., Washington, D.C. 20002. Plaintiffs' members reside in Washington D.C. and Alexandria, Virginia. *See* Motion Exhibit "A."

On April 3, 2020, Plaintiffs presented claims to Erie under their respective insurance policies, seeking coverage for losses of business income stemming from the March 16, 2020 Order of Washington D.C. Mayor Muriel Bowser, which closed certain non-essential businesses in Washington D.C. *See* Complaint [ECF No. 1], ¶¶ 14-15. After completing an investigation, Erie denied coverage for both claims on April 8, 2020.

On April 21, 2020, Plaintiffs commenced the above-captioned action through the filing a Complaint [ECF No. 1], which seeks a declaration, pursuant to 28 U.S.C. § 2201, that the Policies provide coverage for Plaintiffs' claimed losses. *See* Complaint [ECF No. 1], ¶¶ 41-47. Plaintiffs served Erie with a copy of the Summons and Complaint on April 30, 2020, via certified mail.

## II. QUESTIONS PRESENTED

A. Whether this Court lacks subject matter jurisdiction over the instant dispute where complete diversity does not exist between Plaintiffs and Erie, and no other basis for federal jurisdiction exists.

*Suggested Answer: Yes.*

2

1481166-1

### III. ARGUMENT

#### A. LEGAL STANDARD FOR MOTION TO DISMISS

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), it is the plaintiff's burden to demonstrate that jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). The allegations of the complaint are not entitled to any presumption of truthfulness. *See Mortensen v. First Federal Savings and Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). Rather, the District Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

#### B. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS DISPUTE BECAUSE COMPLETE DIVERSITY DOES NOT EXIST BETWEEN PLAINTIFFS AND ERIE AND NO OTHER BASIS FOR FEDERAL JURISDICTION EXISTS.

Plaintiffs contend that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 by virtue of the "diversity of citizenship between Plaintiffs and the Defendant." Complaint [ECF No. 1], ¶ 5. It is fundamental that complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Zambelli Fireworks Mfg. Co. v. Wood*, 594 F.3d 412 (3d Cir. 2010). Resolution of this issue, therefore, depends on the citizenship of Plaintiffs and Erie.

##### 1. Plaintiffs are deemed citizens of Washington D.C. and Virginia.

For purposes of diversity jurisdiction, citizenship of a limited liability company is determined based on the citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 594 F.3d 412 (3d Cir. 2010).

While Plaintiffs' Complaint is devoid of any allegations concerning the identity or citizenship of Plaintiffs' members, a search of the District of Columbia Department of Consumer Affairs website for Ian McCabe Studio, LLC identifies the following "beneficial owners:"

- McCabe, Ian, 1101 23rd Street, NW, Washington, D.C. 20037.

3

*See* Motion Exhibit "A." The same website identifies the following "beneficial owners" for Ian McCabe Studio at Union Market, LLC:

- Allen, Clark, 5100 Chowan Avenue, Alexandria, Virginia 22312;

- McCabe, Ian, 5100 Chowan Avenue, Alexandria, Virginia 22312; and,

- Barnett, Elisa, 2125 14th Street NW, #329, Washington, D.C. 20009.

*See* Motion Exhibit "A."

The public information available from the District of Columbia Department of Consumer Affairs indicates that Plaintiffs' members are citizens of Washington D.C. and Virginia. Consequently, for purposes of diversity jurisdiction, Plaintiffs, as business entities, are deemed citizens of Washington D.C. and Virginia as well. *See Zambelli Fireworks Mfg. Co.*, *supra*.

**2. Erie Insurance Exchange is deemed a citizen of Washington D.C. and Virginia.**

"Erie Insurance Exchange," is not a corporation, but, as has been repeatedly recognized by courts of the Third Circuit, is instead a reciprocal insurance exchange. *See Ritz v. Erie Indem. Co.*, 2019 U.S.Dist. LEXIS 17589, *3 (W.D.Pa. Feb. 4, 2019)("Erie Insurance Exchange … is a subscriber-owned reciprocal insurance exchange organized under Pennsylvania law"); *Beltz v. Erie Indem. Co.*, 733 Fed.Appx. 595 (3d Cir. 2018)(recognizing same); *Erie Ins. Exch. v. Stover*, 619 Fed.Appx. 118 (3d Cir. 2015)(recognizing same); *Erie Ins. Exch. v. Midea Am. Corp.*, 2016 U.S. Dist. LEXIS 163335 (M.D.Pa. Nov. 22, 2016)(recognizing same). *See also Themis Lodging Corp. v. Erie Ins. Exch.*, 2010 U.S. Dist. LEXIS 71720 (N.D. Ohio July 16, 2010).

Erie Indemnity Company's 2020 10-K Report, filed with the U.S. Securities and Exchange Commission, corroborates what the above courts have expressly acknowledged:

> Erie Indemnity Company ("Indemnity", "we", "us", "our") is a publicly held Pennsylvania business corporation that has since its incorporation in 1925 served as the attorney-in-fact for the

4

1481166-1

>subscribers (policyholders) at the Erie Insurance Exchange ("Exchange").

Motion Exhibit "B," p. 3.

As a reciprocal insurance exchange (a form of unincorporated association), Erie is deemed a citizen of every state in which its policyholders reside for purposes of diversity jurisdiction. *See Erie Ins. Exch. v. Greenwich Ins. Co.*, 2016 U.S.Dist. LEXIS 48180 (E.D. Pa. Apr. 11, 2016); *Erie Ins. Exch. v. Midea Am. Corp.*, 2016 U.S. Dist. LEXIS 163335 (M.D.Pa. Nov. 22, 2016); *Erie Ins. Exch. v. Research Prods. Corp.*, No. 15-240, 2016 U.S. Dist. LEXIS 43685 (W.D. Pa. Mar. 30, 2016)("Courts have long recognized that reciprocal exchange insurance associations . . . do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member"). *See also Themis Lodging Corp. v. Erie Ins. Exch.*, 2010 U.S. Dist. LEXIS 71720 (N.D. Ohio July 16, 2010); *First Colonial Ins. Co. v. Custom Flooring, Inc.*, 2007 U.S. Dist. LEXIS 28856 (D.N.J. Apr. 17, 2007)("The citizenship of unincorporated associations, such as reciprocal insurance associations, is the citizenship of each of its members"); *George H. Draper, III, Inc. v. Canners Exch. Subscribers at Warner Inter-Ins. Bureau*, 294 F. Supp. 1362, 1363 (D.Del. 1968) (holding that plaintiff, a reciprocal insurance exchange, derives its citizenship from that of its members). Thus, in the instant jurisdictional inquiry, Erie's state of organization and principal place of business are of no legal consequence. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)("[t]he state of organization and the principal place of business of an unincorporated association are legally irrelevant").

Importantly, Erie has policyholders that reside in the District of Columbia and the Commonwealth of Virginia. *See* Motion Exhibit "C." This fact unassailably destroys diversity of citizenship between Plaintiffs and Erie because Plaintiffs are also deemed citizens of Washington D.C. and Virginia.

5

Courts in the Third Circuit, including this Court, have held that federal courts do not have diversity jurisdiction where Erie's policyholders reside in the same state as its adversary. *See Erie Ins. Exch. v. Greenwich Ins. Co.*, 2016 U.S.Dist. LEXIS 48180 (E.D.Pa. Apr. 11, 2016)(granting motion to remand because Erie has policyholders with mailing addresses in the same state as the defendant corporation's principal place of business); *Erie Ins. Exch. v. Midea Am. Corp.*, 2016 U.S. Dist. LEXIS 163335 (M.D.Pa. Nov. 22, 2016)(granting motion to remand because Erie has policyholders in the same states as the defendant corporation's state of organization and principal place of business).

The weight of authority beyond the Third Circuit also supports this result. *See e.g., Erie Ins. Exch. v. Electrolux Home Prods., Inc.*, 2011 U.S.Dist. LEXIS 77697 (W.D.N.C. July 15, 2011)(remanding case because defendant was a citizen of Delaware and Erie had policyholders who resided in Delaware); *Themis Lodging Corp. v. Erie Ins. Exch.*, 2010 U.S.Dist. LEXIS 71720 (N.D. Ohio July 16, 2010)(granting motion to dismiss under Rule 12(b)(1) because plaintiff was a citizen of Michigan and Erie policyholders resided in Michigan); *HIOB v. Progressive Am. Ins. Co.*, 2009 U.S.Dist. LEXIS 116647, *2 (D.Md. Nov. 24, 2009)(holding that the district court lacks jurisdiction because "Erie Insurance Exchange has members/policyholders who are citizens of Maryland"); *AMCO Ins. Co. v. Erie Ins. Exch.*, 2011 U.S.Dist. LEXIS 133147 (N.D.Ill. Nov. 16, 2011)(granting motion to dismiss under Rule 12(b)(1) because plaintiff is an Iowa corporation and Erie has policyholders who are citizens of Iowa).

Erie is deemed a citizen of Washington D.C. and Virginia through its policyholder members. Plaintiffs are also deemed citizens of Washington D.C. and/or Virginia by virtue of their

members' citizenship. Accordingly, this Court lacks subject matter jurisdiction, and must grant Erie's motion to dismiss.[1]

## IV. CONCLUSION

In light of the foregoing, Defendant, Erie Insurance Exchange, requests that this Court grant its Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

                        Respectfully submitted,

                        **TIMONEY KNOX, LLP**

BY:     s/Robert M. Runyon III
         ROBERT M. RUNYON III, ESQUIRE
         PA ID: 80417
         MATTHEW B. MALAMUD, ESQUIRE
         PA ID: 314040
         400 MARYLAND DRIVE
         FORT WASHINGTON, PA 19034-7544
         P. 215.646.6000
         F. 215.646.0379
         rrunyon@timoneyknox.com
         mmalamud@timoneyknox.com

         ATTORNEYS FOR DEFENDANT,
         ERIE INSURANCE EXCHANGE

Dated: <u>May 20, 2020</u>

---

[1] The only basis for jurisdiction alleged by Plaintiffs is diversity. No other basis for federal jurisdiction exists. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)(noting that the Federal Declaratory Judgment Act does not confer jurisdiction).

1481166-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IAN MCCABE STUDIO, LLC and IAN MCCABE STUDIO AT UNION MARKET, LLC**<br>      **Plaintiffs,**<br><br>      **v.**<br><br>**ERIE INSURANCE EXCHANGE,**<br>      **Defendant.** | **CASE NO.: 2:20-cv-01973-TJS** |

**CERTIFICATE OF SERVICE**

    I, Robert M. Runyon III, Esquire, hereby certify that the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania and is available for viewing and downloading from the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                            **TIMONEY KNOX, LLP**

                               BY: s/Robert M. Runyon III
                                   ROBERT M. RUNYON III, ESQUIRE